## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMIE DUNLAP, #N82847, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-00462-SMY** |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| JOHN BALDWIN, | ) | |
| WEXFORD HEALTH SERVICE, | ) | |
| CHRISTIAN BROWN, | ) | |
| WARDEN THOMPSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jimmie Dunlap, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts a claim for deliberate indifference to serious medical needs. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff claims that he has been denied and/or provided inadequate medical care by various doctors, nurses, and other medical staff while incarcerated at Menard Correctional Center,

Pinckneyville Correctional Center, and Centralia Correctional Center from 2014 to 2019.  In the case caption, he names as Defendants the Illinois Department of Corrections, former IDOC Director John Baldwin, Wexford Health Service, Healthcare Supervisor Christian Brown, and Pinckneyville Warden Thompson.  However, he does not make any allegations against the named defendants in his statement of claim.

## Discussion

Without any specific allegations against the named defendants, the Complaint violates Federal Rule of Civil Procedure 8, which requires a Complaint to set forth a short, plain statement of the case against each individual.  Fed.R.Civ.P. 8(a)(2).  In other words, a plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Moreover, Baldwin, Brown, and Thompson, as IDOC Director, Healthcare Supervisor, and Warden, cannot be held liable based solely on their positions as administrators because the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Because there is no suggestion that Baldwin, Brown, and Thompson are personally responsible for allegedly violating Plaintiff's constitutional rights, he fails to state a claim against them. *See Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Similarly, Wexford Health Service cannot be held liable on the basis of *respondeat*

*superior. Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation at issue. As Plaintiff has not identified a Wexford policy or custom that allegedly caused his injury, he fails to state a claim against Wexford.

The Illinois Department of Corrections is a state governmental agency that is not subject to suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Therefore, IDOC will be dismissed from the case with prejudice.

Finally, Plaintiff fails to state a claim against the various doctors, nurses, and other medical staff referenced in the Complaint, but not named as defendants. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

For the reasons stated, the Complaint fails to state a claim upon which relief can be granted and will be dismissed without prejudice. Plaintiff will, however, be granted leave to file a First Amended Complaint.[1]

**Motion for Protective Order**

Plaintiff mailed a letter addressed to the Clerk of Court seeking "help" and states he would like to file an order of protection against a prison official at Graham Correctional Center where he is currently incarcerated. (Doc. 8). The Court construes the letter as a motion for preliminary injunction. Because Plaintiff's Complaint is subject to dismissal for failure to state a claim,

---

[1] It is not clear what relief Plaintiff seeks in his Complaint because he states he is "seeking Retribution as well as pain and suffering." (Doc. 1, p. 42). If Plaintiff chooses to file a First Amended Complaint, he must identify the relief sought such as monetary damages. *See* Fed.R.Civ.P. 8(a)(3). Retribution is not a form of relief that can be obtained in a civil action.

Plaintiff's Motion will be denied as moot.[2]  Plaintiff's request that the Court forward mail to the state police lacks a legal basis and is also denied.

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel.  *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases.  *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).  The first prong of the analysis is a threshold question.  If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *Pruitt*, 503 F.3d at 655.

Plaintiff states that he has written to many law firms requesting representation but has been denied.  (Doc. 3).  He discloses two letters from law firms that represent him with regard to a hernia mesh claim.  Another letter pertains to a hernia mesh claim.  The only letter declining representation has no indication that it relates to this case.  Based on this record, Plaintiff has not made reasonable attempts to secure counsel with regard to the claim in this case, and the motion will be denied.  Plaintiff  may renew his request for counsel after first attempting to locate counsel on his own with regard to the claim in this case.  If Plaintiff does renew his request, he should give

---

[2] Additionally, Plaintiff would not be entitled to preliminary injunctive relief because the allegations in the motion pertain to individuals who are not parties in this action and the incidents described are outside the scope of the Complaint. "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts

to obtain counsel regarding his claims in this action.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review,

and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief

may be granted. The Illinois Department of Corrections is **DISMISSED** with prejudice and the

Clerk of Court is **DIRECTED** to **TERMINATE** it as a party in this action in CM/ECF.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before July 22, 2020.

Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in

the case caption and set forth sufficient allegations against each defendant to describe what the

defendant did or failed to do to violate his constitutional rights.  A successful complaint generally

alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627

(7th Cir. 1990).  Plaintiff should attempt to include the relevant facts of his case in chronological

order, inserting each defendant's name where necessary to identify the actors and each defendant's

actions.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent

with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for

failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P.

41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466

(7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall count as one of Plaintiff's three

allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00462-SMY).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice and the Motion for Protective Order (Doc. 8) is **DENIED** as moot.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**