# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMIE DUNLAP, #N82847,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00462-SMY |
| | ) | |
| **JOHN BALDWIN,** | ) | |
| **WEXFORD HEALTH SERVICE,** | ) | |
| **CHRISTIAN BROWN,** | ) | |
| **WARDEN THOMPSON,** | ) | |
| **BOBBY BLUM,** | ) | |
| **JOHN TROST,** | ) | |
| **TIMOTHY ADESANYA, and** | ) | |
| **BILLY GOODMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jimmie Dunlap, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Following preliminary review under 28 U.S.C. § 1915A, Plaintiff's Complaint was dismissed for failure to state a claim for relief. (Doc. 9). He was granted leave to file a First Amended Complaint, which is now before the Court for review under § 1915A. Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint (Doc. 14): Plaintiff had hernia surgery in 2014. He was transferred to Menard Correctional Center in August 2016. Dr. Trost denied a referral for Plaintiff for a cardiology consult on October 14, 2016.

Plaintiff saw a nurse practitioner on December 1, 2016 for a lump in his groin and was scheduled to be seen on December 7, 2016, but nothing was done. Plaintiff's fiancée, who has worked as a nurse in corrections, had to constantly contact health care and mental health regarding Plaintiff's well-being.

Plaintiff was transferred to Pinckneyville Correctional Center in April 2017. He was seen in sick call on March 17, 2018 for not feeling well after taking his medication and was instructed to take medications 15 minutes apart to decrease discomfort.

On August 10, 2018, Plaintiff noticed a blister over his surgery suture line and it was painful to walk. He complained about the pain and was told to put in a sick call slip. He went to medication line on August 12, 2018 and told Nurse Jane Doe that he had pain between his legs but she refused to do anything and told him to put in s sick call slip. After Plaintiff returned to his cell, the wound burst. A correctional officer saw the blood and took him to the infirmary. Plaintiff went to the hospital the next day. The wound was infected and Plaintiff had surgery on August 15, 2018. He returned to Pinckneyville the next day and was placed on observation for 23 hours. He was given Tylenol for pain, which did not help. He had issues with medical staff refusing to change his dressing after the surgery.

Plaintiff was transferred to Centralia Correctional Center on October 4, 2018. Mrs. Shaw refused to give him his cardiac medication. On January 28, 2019, Dr. Santos informed him he was not there to see him for the chest pain he was experiencing and he needed to put in a sick call slip. Dr. Santos refused to give him an EKG. Plaintiff's fiancé spoke to Healthcare Administrator Lana regarding his chest pain and the need for an EKG on January 29, 2019. When Plaintiff was later called for an EKG, it could not be done because the staff did not know how to put paper in the machine. The EKG was rescheduled but was canceled again because there was no paper for the

machine.

## Discussion

Plaintiff names John Baldwin, Wexford Health Services, Christian Brown, Warden Thompson, Bobby Blum, Timothy Adesanya, and Billy Goodman as defendants, but there are no allegations against these individuals in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). To the extent Plaintiff seeks to hold a defendant liable based on their positions as supervisors or employers, the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Absent any allegations describing what each of these individuals did or failed to do in violation of Plaintiff's constitutional rights, he fails to state a claim against them.

Although Plaintiff states allegations against Nurse Jane Doe, Mrs. Shaw, Dr. Santos, and Healthcare Administrator Lana, they are not named as defendants. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. As such, Plaintiff fails to state a claim against the individuals not identified as defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against individual mentioned in body of Complaint but not specified in the caption).

Finally, Plaintiff's allegation that Dr. Trost "denied a referral for a cardiology consult on October 14, 2016" fails to state a claim as there are no facts describing Plaintiff's condition at the time. *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations

of the elements of a cause of action or conclusory legal statements").

For the reasons stated, the First Amended Complaint fails to state a claim upon which relief may be granted and will be dismissed without prejudice.

### **Disposition**

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **December 23, 2020**. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff files a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 20-cv-00462-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.[1] An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the Second Amended Complaint must stand

---

[1] Additionally, Plaintiff should keep in mind the rules of joinder. In the First Amended Complaint, Plaintiff attempted to assert unrelated claims against individuals at three prison facilities. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as a strike under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 1, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**